# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a ALIERA HEALTHCARE, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11548(TMH)<br><br>Pending in the U.S. Bankruptcy Court for the District of Delaware |
| ALIERA LT, LLC as Liquidating Trustee of The Aliera Companies, Inc., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>JOHN BLENKE, THEODORE STRICKLAND, ROGER SEVIGNY, and JAMES WESTON QUINTRELL<br><br>Defendants. | Adversary Case No. 23-05204 |
| JOHN BLENKE, THEODORE STRICKLAND, and ROGER SEVIGNY<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>Third-Party Defendant. | Adversary Case No. 23-05204 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Scottsdale Insurance Company ("Movant") has filed *DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION TO SEVER* (the "Motion") and related papers with the Court seeking an order severing the third-party complaint from the underlying adversary action.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion at 10:30 A.M. on June 25, 2024, in Courtroom 1404, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy

1

Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

     Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Date: May 30, 2024                                                           Respectfully submitted,

                                              /s/ Brian S. Goldberg
                                              Brian S. Goldberg
                                              Georgia Bar No. 128007
                                              100 Galleria Pkwy, Suite 1600
                                              Atlanta, Georgia 30339
                                              T: (678) 996-9140
                                              Brian.Goldberg@FMGLaw.com
                                              *Attorney for Scottsdale Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a ALIERA HEALTHCARE, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11548(TMH)<br><br>Pending in the U.S. Bankruptcy Court for the District of Delaware |
| ALIERA LT, LLC as Liquidating Trustee of The Aliera Companies, Inc., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>JOHN BLENKE, THEODORE STRICKLAND, ROGER SEVIGNY, and JAMES WESTON QUINTRELL<br><br>Defendants. | Adversary Case No. 23-05204 |
| JOHN BLENKE, THEODORE STRICKLAND, and ROGER SEVIGNY<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>Third-Party Defendant. | Adversary Case No. 23-05204 |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION TO SEVER**

Pursuant to Rule 7014 of the Federal Rules of Bankruptcy Procedure and Rule 14 of the Federal Rules of Civil Procedure, Defendant Scottsdale Insurance Company ("Scottsdale") respectfully moves this Court for an order severing Third-Party Plaintiffs John Blekne, Theodore Strickland, and Roger Sevigny's ("Third-Party Plaintiffs") claims against Scottsdale from the

3

claims in this adversary proceeding against Third-Party Plaintiffs. A memorandum in support is attached hereto.

Date: May 30, 2024                                  Respectfully submitted,

                                                    /s/ Brian S. Goldberg
                                                    Brian S. Goldberg
                                                    Georgia Bar No. 128007
                                                    100 Galleria Pkwy, Suite 1600
                                                    Atlanta, Georgia 30339
                                                    T: (678) 996-9140
                                                    Brian.Goldberg@FMGLaw.com
                                                    *Attorney for Scottsdale Insurance Company*

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO SEVER**

**I.      INTRODUCTION**

Pursuant to Rule 7014 of the Federal Rules of Bankruptcy Procedure and Rule 14 of the Federal Rules of Civil Procedure, Defendant Scottsdale Insurance Company ("Scottsdale") respectfully moves this Court for an order severing Third-Party Plaintiffs John Blekne, Theodore Strickland, and Roger Sevigny's ("Third-Party Plaintiffs") insurance coverage claims against Scottsdale (the "Coverage Claims") from the underlying claims brought by the Trustee against the Third-Party Plaintiffs (the "Underlying Claim"). The Coverage Claims against Scottsdale involve narrow coverage issues distinct from, and not dependent upon, the legal and factual issues that need to be litigated between the parties to the Underlying Claim. Thus, litigating the Coverage Claims separate from the Underlying Claim would be the most efficient use of the Court's resources and would save all of the parties significant time and expense.

Furthermore, it would be prejudicial to Scottsdale if the Coverage Claims are part of the same proceeding as the Underlying Claim, as Scottsdale would then be subject to discovery from the underlying claimant (the Trustee), which would unfairly expand the scope of discovery to which Scottsdale is subject. If all of the claims are part of the same lawsuit, Scottsdale would need to participate in all discovery and depositions related to the Underlying Claim, including of the Third-Party Plaintiffs and all other witnesses, rather than only participating in any discovery potentially relevant to the Coverage Claims. At the same time, proceeding with all claims as part of the same lawsuit will potentially stifle discovery of issues relevant to the Coverage Claims, as the Third-Party Plaintiffs' privileged information may be relevant to and discoverable by Scottsdale with respect to the Coverage Claims but protected from disclosure to the Trustee, leading to unnecessary discovery disputes and impinging upon the Third-Party Plaintiffs' ability

1

to properly defend themselves against the Underlying Claim. Accordingly, Scottsdale respectfully submits that, to avoid prejudice and to promote judicial efficiency, the Coverage Claims against Scottsdale should be severed from the Underlying Claim asserted against the Third-Party Plaintiffs.

**II.    BACKGROUND**

On December 20, 2023, Aliera LT, LLC, as Liquidating Trustee (the "Trustee") for The Aliera Companies, Inc. ("Aleria" or the "Company") and affiliated entities (collectively, "Debtors") filed a complaint (the "Underlying Complaint") initiating the Underlying Claim against Third-Party Plaintiffs. In the Underlying Complaint, the Trustee alleges that the Third-Party Plaintiffs served as directors of Aliera and asserts claims for (1) breach of duty of care; (2) breach of duty of loyalty; (3) voidable transfers and obligations – constructive fraud against Mr. Quintrell; (4) voidable transfers and obligations – actual fraud against Mr. Quintrell; (5) voidable transfers and obligations as to present or future creditors against Mr. Quintrell; (6) voidable transfers made to insider for antecedent debt against Mr. Quintrell; and (7) recovery of transfers. (Third-Party Compl. ¶¶ 27-28; Ex. 2 to Third-Party Compl. ¶¶ 114-175.)

On March 19, 2024, the Third-Party Plaintiffs filed a Third-Party Complaint at Law for Declaratory Judgment and Breach of Contract Against Third-Party Defendants Scottsdale Insurance Company. On March 22, 2024, Third-Party Plaintiffs filed a First Amended Third-Party Complaint at Law for Declaratory Judgment and Breach of Contract Against Third-Party Defendant Scottsdale Insurance Company (the "Amended Coverage Complaint"), asserting claims for declaratory judgment and breach of contract against Scottsdale.

In the Amended Coverage Complaint, the Third-Party Plaintiffs allege that Scottsdale issued a Business and Management Indemnity Policy (the "Policy"), Policy No. EKS3376033, to

2

the Company, which is attached to the Amended Coverage Complaint as "Exhibit 1." (Third-Party Compl. ¶¶ 3, 4.) The Third-Party Plaintiffs also allege that, on January 19, 2024, Plaintiff Roger Sevigny provided Scottsdale with notice of the Underlying Claim. (Third-Party Compl. ¶ 29.) The Third-Party Plaintiffs allege that Scottsdale "denied coverage" for the Underlying Claim in its February 2, 2024 letter ("Scottsdale's February 2, 2024 Letter"), which is attached to the Amended Coverage Complaint as "Exhibit 4". (*Id.* at ¶ 30.) In Scottsdale's February 2, 2024 Letter, Scottsdale stated that, "[b]ased on the information currently known to Scottsdale, no coverage is available for the Lawsuit." (Ex. 4 to Am. Cov. Compl. at 5.) As the Third-Party Plaintiffs allege, there are three primary insurance coverage issues that are at issue in this coverage dispute.

First, Section C.1. of the Directors and Officers and Entity Liability Coverage Section (the "D&O Coverage Section") of the Policy, as amended by Endorsement No. 43 (the "Prior and Interrelated Wrongful Acts Exclusion"), provides that Scottsdale shall not be liable for Loss[1] under the D&O Coverage Section on account of any Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving: (1) any Wrongful Act actually or allegedly committed prior to April 21, 2020, or (2) any Wrongful Act occurring on or subsequent to April 21, 2020 which, together with a Wrongful Act occurring prior to such date, would constitute Interrelated Wrongful Acts. *Id.* According to the Underlying Complaint, Defendants became directors of Aliera in 2019 and assisted Debtors in perpetuating their alleged scheme of harming the Debtors' creditors, which had been ongoing from 2017 (if not sooner) through at least July 2021. *Id.* Thus, the Underlying Claim alleges, is based upon, and arises out of Wrongful Acts actually or allegedly committed prior to April 21, 2020 and/or

---

[1] Capitalized terms that are not defined herein are used as defined in the Policy.

3

Wrongful Acts occurring on or subsequent to April 21, 2020 which, together with the Wrongful Acts occurring prior to that date, constitute Interrelated Wrongful Acts. *Id.*

Second, Section C.1. of the D&O Coverage Section, as amended by Endorsement No. 26 (the "Bankruptcy Insolvency Exclusion"), provides that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the bankruptcy or insolvency of the Company, including but not limited to: (i) any such claim brought by any creditors, banks, lending institutions or bankruptcy trustee; or (ii) any securities holder, direct or derivative suits and/or representative class action suits. *Id.* at 5-6. The Underlying Claim is a Claim alleging, based upon, arising out of, attributable to, resulting from, in consequence of, and involving the bankruptcy and insolvency of the Company and is a Claim brought by a bankruptcy trustee and, therefore, there is no coverage for the Underlying Claim. *Id.* at 6.

Third, coverage for the Underlying Claim is fully precluded by Section C.1. of the D&O Coverage Section, as amended by Endorsement No. 29 (the "Creditor Exclusion"). The Creditor Exclusion provides that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim brought, or maintained by, on behalf of, in the right of, at the direction of, at the behest of, or for the benefit of any:

> (i) person;
> (ii) partnership or any of its partners, directors, officers, or employees; or
> (iii) corporation, or any of its directors, officers or employees who is a secured or unsecured creditor of the Company.

*Id*. The Trustee expressly alleges in the Underlying Complaint that it seeks to recover funds on behalf of the Debtors' creditors, and the Debtors' arms-length creditors, based on the Defendants for their alleged involvement in the scheme. *Id*. Therefore, the Underlying Claim is a Claim

4

brought, or maintained by, on behalf of, in the right of, at the direction of creditors of the Company and, thus, is also precluded from coverage in accordance with the Creditor Exclusion. *Id*.

The Court's determination of these three primary coverage issues will be based upon the language of the Policy, the allegations of the Underlying Claim, and the law, and not on any factual or legal issues in or the outcome of the Underlying Claim. Therefore, the Coverage Claims against Scottsdale should be severed from the Underlying Claim.

### III. LEGAL ARGUMENT

Rule 7014 of the Federal Rules of Bankruptcy Procedure states that "Rule 14 F.R.Civ.P. applies in adversary proceedings." U.S.C.S Bankruptcy R. 7014. "Rule 14(a)(4) of the Federal Rules of Civil Procedure states that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). Similarly, "Federal Rule of Civil Procedure 21, made applicable by Rule 7021 of the Federal Rules of Bankruptcy Procedure, provides: ' . . . The court may . . . ***sever any claim against a party***.'" *Herlander v. Turner (In re Turner)*, Nos. 15-40525-EJC, 15-04037-EJC, 2015 Bankr. LEXIS 4387, at *16 n.2 (Bankr. S.D. Ga. Dec. 30, 2015) (emphasis added); *see also Turner Grain Merch., Inc. v. Ltd Farms P'ship* (*In re Turner Grain Merch., Inc.*), 545 B.R. 261, 270 (Bankr. E.D. Ark. 2016) (noting that the bankruptcy court had "broad discretion to sever claims under Rule 21" and granting severance where the "issues sought to be tried separately are significantly different from one another," the testimony and evidence needed to prove the claims was different, and severing the claims may allow for the severed claims to be "more quickly and efficiently adjudicated in a separate proceeding").

When considering a request to sever a third-party complaint from the original complaint, "the court typically is concerned with the effect the additional parties and claims will have on the adjudication of the main action—in particular, whether continued joinder will serve to complicate

5

the litigation unduly or will prejudice the other parties in any substantial way." *Taylor v. Tesco Corp.*, No. H-11-00517, 2012 U.S. Dist. LEXIS 138494, at *4 (S.D. Tex. Sep. 26, 2012) (citing CHARLES ALAN WRIGHT ET AL., 6 FEDERAL PRACTICE AND PROCEDURE § 1460 at 534 (3d ed. 2010)). For example, in *Tesco Corp.*, the court found that the underlying tort and product liability claims were "quite separate and distinct" from the claims seeking insurance coverage for the underlying tort claims. *Id.* at *6. The court noted that the underlying tort claims "arise out of a different set of facts and have a completely different set of complexities" than the claims against the insurers seeking insurance coverage. *Id.* at *7. Accordingly, the court in *Tesco* found that, "to avoid undue complications and to simplify the issues for trial and for pretrial consideration in this litigation, and for the efficient administration of justice, a severance of the . . . third-party claims against all insurance companies is warranted." *Id.* at *12.

Similarly, in *Quality Ford Sales v. Greene*, 201 Ga. App. 206, 207, 410 S.E.2d 389, 391 (1991), the Georgia Court of Appeals found that the trial court erred in not dismissing a third-party complaint where, "the third-party complaint alleges separate and independent causes of action which are not dependent upon the outcome of the main claim against defendant Greene on the debt." *Id.* The court in *Quality Ford* noted that "the only connection between the main claim and the third-party action is that the third-party defendant is alleged to have wrongfully deprived [the defendant] of the money which plaintiff now seeks to collect." *Id.* Accordingly, the court found that the state court erred in denying the third-party defendant's motion to dismiss the complaint, which could be brought in a separate action. *Id.*

Here, the outcome of the three primary coverage issues in the Coverage Claims are based upon facts and legal issues distinct from, and that are not dependent on the outcome of, the Underlying Claim. As a result, Scottsdale respectfully submits that the Coverage Claims should

6

be severed from the Underlying Claim because proceeding with the Coverage Claims against Scottsdale in the same proceeding as the Underlying Claim against the Third-Party Plaintiffs will be inefficient for the Court and all parties.

Scottsdale may also be unfairly prejudiced if all these claims are litigated in the same action, as Scottsdale would be subject to discovery from the Trustee and required to participate in depositions and other discovery in the Underlying Claim that is irrelevant to the narrow issues in the Coverage Claim.  Issues regarding the proper scope of discovery with respect to each Claim and, particular sensitivities as to unique privilege issues in each Claim, are likely to lead to discovery disputes, which could be easily avoided by severing the Coverage Claim from the Underlying Claim.  Thus, to avoid prejudice and promote judicial efficiency, Scottsdale asks the Coverage Claims be severed from the Underlying Claim.

**IV.  CONCLUSION**

Accordingly, Scottsdale asks this Court to exercise its discretion to sever the Coverage Claims against Scottsdale from the Underlying Claim.

Date: May 30, 2024                                    Respectfully submitted,

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
100 Galleria Pkwy, Suite 1600
Atlanta, Georgia 30339
T: (678) 996-9140
Brian.Goldberg@FMGLaw.com
*Attorney for Scottsdale Insurance Company*

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 30, 2024, the foregoing *DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION TO SEVER* and *Notice of Hearing* was served via the Court's CM/ECF filing system, which will provide notice to counsel for the parties.

*/s/ Brian S. Goldberg*

Brian S. Goldberg Georgia Bar No. 128007
*Attorney for Scottsdale Insurance Company*
FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

8