# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a ALIERA HEALTHCARE, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11548(TMH)<br><br>Pending in the U.S. Bankruptcy Court for the District of Delaware |
| ALIERA LT, LLC as Liquidating Trustee of The Aliera Companies, Inc., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>JOHN BLENKE, THEODORE STRICKLAND, ROGER SEVIGNY, and JAMES WESTON QUINTRELL<br><br>Defendants. | Adversary Case No. 23-05204 |
| JOHN BLENKE, THEODORE STRICKLAND, and ROGER SEVIGNY<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>Third-Party Defendant. | Adversary Case No. 23-05204 |

## **DEFENDANT SCOTTSDALE INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEVER**

**I.   INTRODUCTION**

As Third-Party Plaintiffs John Blenke, Theodore Strickland, and Roger Sevigny (the "Third-Party Plaintiffs") acknowledge in their response (the "Response") to Third-Party Defendant Scottsdale Insurance Company's ("Scottsdale") Motion to Sever, "whether to sever

1

coverage complaints from bankruptcy proceedings is at the discretion of the bankruptcy court . . . ." (Doc. No. 29 at 4.) In this case, Scottsdale respectfully submits that this Court should exercise its discretion and issue an order severing the Third-Party Plaintiffs' insurance coverage claims against Scottsdale (the "Coverage Claims") from the underlying claims brought by the Trustee against the Third-Party Plaintiffs (the "Underlying Claim"). The Coverage Claims against Scottsdale involve narrow insurance coverage issues not dependent upon the legal and factual issues that need to be litigated between the parties to the Underlying Claim. Accordingly, it would be more efficient to litigate the issues separately.

Furthermore, Scottsdale would be prejudiced if the Coverage Claims are part of the same action as the Underlying Claim because Scottsdale would be subjected to extensive discovery not relevant to the Coverage Claims. Additionally, the Third-Party Plaintiffs' privileged information may be relevant to the Coverage Claims and produceable to Scottsdale in a separate action. But, if that information is disclosed in an action involving the Underlying Claim, the Trustee would obtain information to which it is otherwise not entitled that it could then use to prosecute its claims against the Third-Party Plaintiffs. Thus, the Third-Party Plaintiffs would likely seek to avoid providing that information to Scottsdale if the Coverage Claims are part of the same action as the Underlying Claims, which would lead to unnecessary discovery disputes. To avoid prejudice and promote efficiency, Scottsdale asks that the Court grant the motion to sever.

## II.     LEGAL ARGUMENT

### A.     The Court Should Exercise Its Discretion to Sever the Coverage Claims from the Underlying Claim.

Contrary to the Defendants/Third-Party Plaintiffs' assertion, severance of the Third-Party Plaintiffs' claims against Scottsdale will not risk "conflicting outcomes in duplicative litigation." (Doc. No. 29 at 1.) Instead, the Coverage Claims against Scottsdale involve narrow coverage issues

2

that are not dependent upon the legal and factual issues involved in the Underlying Claim. As explained in Scottsdale's Motion to Dismiss (Doc. No. 23), "[a]n insurer's duty to defend is determined by 'comparing the allegations of the complaint with the provisions of the policy.'" *Cont'l Cas. Co. v. Winder Laboratories, LLC*, 73 F.4th 934, 941 (11th Cir. 2023) (citing *Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 599 S.E.2d 220, 221 (Ga. Ct. App. 2004)). Thus, the determination of the coverage issues turns on the language of the Underlying Complaint, the language of the Business and Management Indemnity Policy (the "Policy") that Scottsdale issued to The Aliera Companies, Inc., and the law—not upon any legal or factual issues in, or the outcome of, the Underlying Claim.

Whether any of the three primary exclusions at issue in this dispute apply to preclude coverage will be determined by comparing the Underlying Complaint to the Policy, not based upon the outcome of the Underlying Claim. First, the Prior and Interrelated Wrongful Acts Exclusion[1] provides that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving: (1) any Wrongful Act actually or allegedly committed prior to April 21, 2020, or (2) any Wrongful Act occurring on or subsequent to April 21, 2020 which, together with a Wrongful Act occurring prior to such date, would constitute Interrelated Wrongful Acts. (Doc. No. 15-1 at D&O Coverage Section § C(1); Endorsement No. 43.) Similarly, the Bankruptcy Insolvency Exclusion provides that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim *alleging*, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way

---

[1] Capitalized terms that are not defined herein are used as defined in the Motion to Sever (Doc. No. 21) or in the Policy.

3

involving the bankruptcy or insolvency of the Company, including but not limited to: (i) any such claim brought by any creditors, banks, lending institutions or bankruptcy trustee; or (ii) any securities holder, direct or derivative suits and/or representative class action suits. (Doc. No. 15-1 at D&O Coverage Section § C(1); Endorsement No. 26.) It does not matter for purposes of these exclusions whether the Third-Party Plaintiffs committed any wrongdoing or are found liable for any wrongdoing. Instead, whether these exclusions apply is based upon the allegations set forth in the Underlying Complaint. That is, the Trustee's allegations in the Underlying Complaint—whether true or not—are enough to trigger the exclusions. Thus, the Third-Party Plaintiffs' argument that the Coverage Claims are dependent upon the outcome of the Underlying Claim is based on a flawed premise and cannot be sustained. *See Cont'l Cas. Co.*, 73 F.4th at 941.

Similarly, coverage for the Underlying Claim is fully precluded the Creditor Exclusion, which provides that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim brought, or maintained by, on behalf of, in the right of, at the direction of, at the behest of, or for the benefit of any: (i) person; (ii) partnership or any of its partners, directors, officers, or employees; or (iii) corporation, or any of its directors, officers or employees who is a secured or unsecured creditor of the Company. (Doc. No. 15-1 at D&O Coverage Section § C(1); Endorsement No. 29.) Whether this exclusion applies is based upon who brought the claim (and on whose behalf), which is determined from reviewing the Underlying Complaint, not the outcome of the Underlying Claim. Thus, severing the Coverage Claim from the Underlying Claim does not create any risk of conflicting outcomes.

This is not a case, for example, where the coverage determination is based upon the outcome of the underlying action, such as in the context of an exclusion (like a fraud/dishonesty exclusion) that is dependent on a finding or adjudication in the underlying action or exceptions

4

from the definition of loss that may only be applicable based on the nature of any judgment or settlement in the underlying action. Unlike in those scenarios, the Court's determination of the coverage issues in this case will turn on the language of the Policy, the allegations of the Underlying Claim, and the law, and not on any factual or legal issues in, or the outcome of, the Underlying Claim. Therefore, there is no risk of conflicting judgments and no need to deny the motion to sever on that basis. For the same reason, the case the Third-Party Plaintiffs rely upon for this point, *In re LMI Legacy Holdings, Inc.*, 553 B.R. 235, 241 (Bankr. D. Del. 2016) (Doc. No. 29 at 5-6), is not applicable here.[2] As such, Scottsdale asks this Court to exercise its discretion and grant the motion to sever.

While the Third-Party Plaintiffs attempt to distinguish the cases Scottsdale cited in its Motion to Sever, the Third-Party Plaintiffs' arguments are misplaced. For example, the Third Party Plaintiffs note that the court in *Taylor v. Tesco Corp.*, No. H-11-00517, 2012 U.S. Dist. LEXIS 138494, at *4 (S.D. Tex. Sep. 26, 2012), stated that the claim in that case was "more complex than that of a typical additional named insured asserting a claim under an insurance policy" (Doc. No. 29 at 7-8), the court also recognized that "[i]n more straightforward cases between a named insured and his insurer, disputes on the duty to defend ***are often decided on cross-motions for summary***

---

[2] Similarly, *In re Somers*, 448 B.R. 677, 683 (Bankr. S.D.N.Y. 2011), which Third-Party Plaintiffs cite in the same string cite as *LMI Legacy* (Doc. No. 29 at 5-6), is not applicable as it involved the issue of "whether 'cause' exists to dismiss the joint petition of a legally married couple because they are not members of the opposite sex." *In re Somers*, 448 B.R. at 681. Not only is the factual context of that case readily distinguishable, but the premise for which it is cited is inapplicable here. The Third-Party Plaintiffs rely upon the portion of the Court's decision in *Somers* that noted that "[t]he Debtors' joint case has substantially progressed; they reaffirmed mortgage and vehicle debt and appeared at the meeting of creditors. Dismissing or severing the case at this stage, would duplicate work and costs for the Debtors, the creditors, the Trustee, and the Court." (Doc. No. 29 at 5-6) (citing *Somers*, 448 B.R. at 683). Scottsdale is not asking that the Court take any action that would require the parties to redo work that has already been done in the Underlying Claim or duplicate any work or costs—as determination of the coverage issues in the Coverage Claims will not be dependent on any discovery or developments in the Underlying Claim.

*judgment in an action separate from the underlying lawsuit*." *Tesco*, 2012 U.S. Dist. LEXIS 138494, at *8 (emphasis added). Thus, while the Third-Party Plaintiffs argue that *Tesco* is inapplicable because this case is "remarkedly simpler" than the *Tesco* case (Doc. No. 29 at 8), the court in *Tesco* recognized that in "straightforward" cases, the duty to defend is often decided in an action separate from the underlying action—as it can and should be here. Thus, Third-Party Plaintiffs' argument that *Tesco* is not relevant because it is supposedly more complex than this case does not support denial of the motion to sever.

Similarly, the Third-Party Plaintiffs argue that "*Herlander v. Turner (In re Turner)*, 2015 Bankr. Lexis 4387, supports the notion that joinder is appropriate where . . . : (1) the right to relief arises out of the same transactions, and there is (2) a common question of law or fact in both actions." (Doc. No. 29 at 8-9.) While that general premise may be true, it is inapplicable here because, as explained above, the legal and factual issues in the Coverage Claims are distinct from and independent of the legal and factual issues in the Underlying Claim.

Lastly, the Third-Party Plaintiffs assert that in *Quality Ford Sales v. Greene*, 201 Ga. App. 206, 207, 410 S.E.2d 389, 391 (1991), the court noted that "[o]nly one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like."  Again, that premise may be true, but Scottsdale cited *Quality Ford* because the Georgia Court of Appeals found that the trial court erred in not dismissing a third-party complaint where, "the third-party complaint alleges separate and independent causes of action which are not dependent upon the outcome of the main claim against defendant Greene on the debt." (Doc. No. 21 at 6 (citing *Quality Ford Sales v. Greene*, 201 Ga. App. at 207.)) As in *Quality Ford*, because the Coverage Claims are not dependent upon the outcoming of the Underlying Claim, it is appropriate to grant the motion to sever in this case.

6

### B. Granting the Motion to Sever Will Avoid Prejudice.

If the Court does not grant the motion to sever, Scottsdale will be unfairly prejudiced as Scottsdale may be subject to extensive discovery not necessary to the Coverage Claims, including discovery requests from the Trustee, which would result in a waste of time and money, and which would likely give rise to unnecessary discovery disputes. Further, allowing the actions to proceed jointly would allow the Trustee to inappropriately obtain confidential and privileged information to which it would not otherwise be entitled. That could result in the Trustee learning information that it may use against the Third-Party Plaintiffs, which would be prejudicial to Third-Party Plaintiffs. In addition, whereas the Third-Party Plaintiffs' privileged information regarding their defense of the Underlying Claim may be relevant to the Coverage Claims, Scottsdale's ability to obtain that information would likely be stifled if the Trustee also had access to that sensitive discovery. In other words, if the Court denies the motion to sever, the Third-Party Plaintiffs will likely seek to avoid providing that otherwise discoverable information to Scottsdale, which would lead to unnecessary discovery disputes. As such, Scottsdale asks that the Court grant the motion to sever.

### C. Third-Party Plaintiffs' Substantive Arguments Regarding the Duty to Defend Are Irrelevant to this Procedural Motion and Should Be Disregarded.

While Third-Party Plaintiffs discuss the merits of the Coverage Claims in their Response, including arguments that Scottsdale has a duty to defend (Doc. 29 at 6-7), those arguments are not relevant to this motion and, therefore, are not addressed here. Instead, those issues are addressed in Scottsdale's Motion to Dismiss.

**III.    CONCLUSION**

      For these reasons, Scottsdale asks this Court to exercise its discretion to sever the Coverage Claims against Scottsdale from the Underlying Claim.

Date: June 27, 2024

Respectfully submitted,

/s/ Brian S. Goldberg\_\_
Brian S. Goldberg
Georgia Bar No. 128007
100 Galleria Pkwy, Suite 1600
Atlanta, Georgia 30339
T: (678) 996-9140
Brian.Goldberg@FMGLaw.com

Sabrina Haurin (Admitted *Pro Hac Vice*)
Darius N. Kandawalla  (Admitted *Pro Hac Vice*)
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
shaurin@baileycav.com
dkandawalla@baileycav.com

*Attorneys for Scottsdale Insurance Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on June 27, 2024, the foregoing was served via the Court's CM/ECF filing system, which will provide notice to counsel for the parties.

    /s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
FREEMAN MATHIS & GARY, LLP
100 Galleria Pkwy, Suite 1600
Atlanta, Georgia 30339
T: (678) 996-9140
Brian.Goldberg@FMGLaw.com
*Attorney for Scottsdale Insurance Company*

9